## Commonwealth v. Cole.

*Fornication and bastardy — Discharge of defendant on his own recognizance—Insolvency—Acts of June 16, 1836, June 4, 1901, and May 24, 1917.*

1. The provisions of section 15 of the Act of June 16, 1836, P. L. 733, and of section 6 of the Act of June 4, 1901, P. L. 404, relating to the discharge of persons imprisoned under sentence on conviction of fornication and bastardy, are superseded by the Act of May 24, 1917, P. L. 268, which provides that where the father of a bastard child, convicted of fornication and bastardy, shall neglect to comply with the order of the court made against him, "the court shall commit the defendant to imprisonment for want of a bond with surety; or, otherwise, the court may order the defendant to be imprisoned at hard labor . . . as the court shall direct, or the court may discharge a defendant upon his own recognizance in the custody of a desertion probation officer or other person, subject to such conditions as the court may in its discretion impose."

2. Where one who had been imprisoned upwards of three months under sentence on conviction of fornication and bastardy to pay a fixed weekly sum for the maintenance of his bastard child, to enter a recognizance with one surety, conditioned that he comply with the sentence to indemnify the county, to pay a fine of $1 and the costs and to stand committed until the sentence should be complied with, presented his petition for discharge on his own recognizance, without showing his inability to comply with the sentence: *Held,* that, in the absence of evidence indicating the special facts and circumstances which would justify the court in discharging the petitioner without security, the petition must be refused.

Petition for discharge of defendant on his own recognizance. C. P. York Co., Aug. Sess., 1921, No. 31.

*Charles H. Still,* for petition; *C. W. A. Rochow,* District Attorney, contra.

WANNER, P. J., Jan. 2, 1922.—The defendant, having been convicted of fornication and bastardy, was sentenced on Aug. 23, 1921, to pay the sum of $1.50 per week for the maintenance of his bastard child until it shall have arrived at the age of seven years, if it shall so long live; to enter into a recognizance, with one surety, in the sum of $300, conditioned that he should comply with the sentence of the court, to indemnify the County of York against the maintenance of the said bastard child; to pay a fine of $1 and the costs of prosecution, and to stand committed until said sentence should be complied with.

On Dec. 5, 1921, the court was moved "to discharge Albert A. Cole, defendant, from confinement in the county jail and to permit him to enter into his own recognizance, subject to such conditions as may be imposed by the court."

The prisoner up to the present time has suffered an imprisonment of more than four months, and it is contended that under the provisions of section 6 of the Act of June 4, 1901, P. L. 404, and section 15 of the Act of June 16, 1836, P. L. 733, he is entitled to a discharge and shall not thereafter be liable to rearrest under the terms of said sentence.

It has been the practice heretofore in this court, under such circumstances, to discharge defendants in fornication and bastardy cases under the provisions of said acts of assembly, but it has been held in several recent cases that the provisions of those acts are superseded by the Act of May 24, 1917, P. L. 268, which gives additional authority to the courts and seems to impose different duties upon them in their treatment of prisoners who have been convicted of fornication and bastardy and who have neglected to carry out the terms of the sentence imposed by the court: Koch's Petition, 34 York Leg. Rec. 120, 30 Dist. R. 118; Com. *v.* Randolph, 66 Pitts. L. J. 777.

In both of these cases the discharge of prisoners under circumstances similar to those of the case at bar was refused. Section 1 of the Act of May 24,

1917, P. L. 268, provides that, where the father of a bastard child, convicted of fornication and bastardy, shall neglect to comply with the order of the court made against him, "the court shall commit the defendant to imprisonment for want of a bond with security, or otherwise the court may order the defendant to be imprisoned at hard labor under existing laws, or laws that may hereafter be passed, as the court shall direct, or the court may discharge a defendant upon his own recognizance in the custody of a desertion probation officer or other person, subject to such conditions as the court may, in its discretion, impose."

The exercise of a sound discretion on the part of the court in determining which of these alternative methods it shall adopt would depend upon the facts of each individual case. In this individual instance the prayer of the petitioner is, that the defendant be discharged on his own recognizance, subject to such conditions as the court may impose, but no information is given in the petition as to the financial ability of the defendant to maintain his child, or as to his ability to give a bond with security as provided in the act. We are clearly of the opinion that, in the absence of evidence indicating special facts and circumstances which would justify the court in discharging this prisoner without any security except his own recognizance, the prayer of this petition should not be granted.

Now, to wit, Jan. 2, 1922, the petition of the defendant for discharge from further imprisonment upon his own recognizance is refused.

From Richard E. Cochran, York, Pa.